UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY HARALSON,

   Plaintiff,

v.               CASE No. 8:08-CV-2540-T-30MAP

PETE GEREN, Secretary of the Army, *et. al*,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff, acting *pro se,* moves for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 2) to prosecute an action he filed against the Secretary of the Army and six other individuals employed with the Department of Army, the National Personnel Records Center, the U.S. Army Corp. Of Engineers, and the U.S. Army Human Resources Command. *See* Petition Under Little Tucker Act, doc. 1. Apparently, the Plaintiff seeks $10,000 in damages for the Defendants' "stonewalling" his requests for copies of his military records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Although it is far from clear, the Plaintiff's pleading and the attached exhibits seem to show that he has spent much time requesting copies of his military records from the Department of the Army and other governmental agencies in an effort to change his military status from honorable discharge to medical discharge so that he may seek Veterans benefits. Although Plaintiff's frustration with the correspondence he has received in response to his multiple requests is understandable, after consideration, I find the Plaintiff has not yet exhausted his administrative remedies. The Plaintiff's exhibits demonstrate that he is still awaiting a response from the Department of the Army regarding his application for correction of military records. Specifically, exhibit O, correspondence from Diane M. How, Acting Chief, support division dated

October 24, 2008, states that "it may be as long as twelve months before you receive notification of the decision on your application." Hence, because the Freedom of Information Act requires a party to exhaust all administrative remedies before seeking redress in federal courts, this Court has no jurisdiction over this matter. *Rease v. Harvey*, 238 Fed.Appx. 492 (11th Cir. 2007) citing *Taylor v. Appleton*, 30 Fed.3d 1365 (11th Cir. 1994). This Court also advises the Plaintiff that even assuming the Defendants belatedly or wrongfully refused or refuse his requests for military records and correction of the records, Plaintiff must submit an administrative appeal to the appropriate agency officials. *Oglesby v. U. S. Dept. Of Army*, 920 F. 2d 57 (D.C. Cir. 1990) (holding that even when an agency belatedly responds to a requester who waits past the deadline for an agency response must pursue an administrative appeal before raising a FOIA claim in federal court). Accordingly, it is

> RECOMMENDED:
>
> 1. Plaintiff's request to proceed *in forma pauperis* (doc. 2) be denied, and his claim be dismissed without prejudice.
>
> IT IS SO REPORTED at Tampa, Florida on February 12, 2009.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Honorable James S. Moody